1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     SETH ANTHONY FONTAINE,                     No.  2:21-cv-01688-CKD P

12                    Plaintiff,

13         v.                                      ORDER

14     SHASTA COUNTY SHERIFF, et al.,

15                    Defendants.

16

17          Plaintiff is a county inmate proceeding pro se in this civil rights action filed pursuant to 42

18     U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

19     U.S.C. § 636(b)(1).

20          Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

21     declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

22     Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23     1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24     initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25     Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26     month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27     the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28     exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1

I.      **Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II.     **Allegations in the Complaint**

At all times relevant to the allegations in the complaint, plaintiff was a convicted inmate serving a 364 day sentence in the Shasta County Jail.  Plaintiff alleges that on August 5, 2021, he

1   was moved to administrative segregation which smelled like a sewer plant due to the actions of

2   mentally ill inmates who spread their excrement by "gassing" correctional staff or other inmates.

3   ECF No. 1 at 3.  As a result of these conditions, plaintiff "suffered [a] sickness," but provides no

4   further details about his illness or how it resulted from the poor sanitation.  ECF No. 1 at 3.

5   Plaintiff also contends that these mentally ill inmates bang on their doors and scream at all hours

6   of the day and night.  Id.  Plaintiff names four defendants in this action who are alleged to have

7   the authority to change plaintiff's housing designation or to create a clean and safe environment

8   in administrative segregation, yet fail to do so.  By way of relief, plaintiff seeks compensatory

9   damages.  ECF No. 1 at 5.

10          **III.    Legal Standards**

11          **A.  Linkage Requirement**

12          The civil rights statute requires that there be an actual connection or link between the

13   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

14   Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

15   (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

16   constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

17   in another's affirmative acts or omits to perform an act which he is legally required to do that

18   causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

19   Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983, plaintiff must

20   link each named defendant with some affirmative act or omission that demonstrates a violation of

21   plaintiff's federal rights.

22          **B.  Supervisory Liability**

23          Government officials may not be held liable for the unconstitutional conduct of their

24   subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)

25   ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability,

26   each Government official, his or her title notwithstanding is only liable for his or her own

27   misconduct.").  When the named defendant holds a supervisory position, the causal link between

28   the defendant and the claimed constitutional violation must be specifically alleged; that is, a

3

plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

### C.  Conditions of Confinement

In order for a prison official to be held liable for alleged unconstitutional conditions of confinement, the prisoner must allege facts that satisfy a two-prong test.  Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837).  The first prong is an objective prong, which requires that the deprivation be "sufficiently serious."  Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citing Farmer, 511 U.S. at 834).  In order to be sufficiently serious, the prison official's "act or omission must result in the denial of the 'minimal civilized measure of life's necessities."  Lemire, 726 F.3d at 1074.  The objective prong is not satisfied in cases where prison officials provide prisoners with "adequate shelter, food, clothing, sanitation, medical care, and personal safety."  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)).  "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation.  Johnson v. Lewis, 217 F.3d at 732 ("[m]ore modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing").  Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9 (1992).  The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim.  Johnson v. Lewis, 217 F.3d at 731.

The second prong focuses on the subjective intent of the prison official.  Peralta, 774 F.3d at 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837).  The deliberate indifference standard requires a showing that the prison official acted or failed to act despite the prison official's knowledge of a substantial risk of serious harm to the prisoner.  Id. (citing Farmer, 511 U.S. at

4

1  842); see also Redman v. Cnty. of San Diego, 942 F.2d 1435, 1439 (9th Cir. 1991).  Mere

2  negligence on the part of the prison official is not sufficient to establish liability.  Farmer, 511

3  U.S. at 835.

4      **IV.**    **Analysis**

5        The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon

6  which relief can be granted under federal law.  The allegations in the complaint are sparse and do

7  not describe the conditions in plaintiff's particular cell.  Plaintiff's complaint addresses conditions

8  that plaintiff witnessed in administrative segregation, but it does not allege that he was ever

9  gassed by a mentally ill inmate or that he was housed in a cell with a mentally ill inmate.  Absent

10  such information, the court is unable to determine whether plaintiff's conditions of confinement

11  are grave enough to form the basis of an Eighth Amendment claim.  See Johnson v. Lewis, 217

12  F.3d at 731.  For all these reasons, plaintiff's complaint must be dismissed.  The court will,

13  however, grant plaintiff leave to file an amended complaint.

14        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

15  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

16  Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in

17  specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

18  § 1983 unless there is some affirmative link or connection between a defendant's actions and the

19  claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory

20  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

21  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

22        Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

23  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

24  complaint be complete in itself without reference to any prior pleading.  This is because, as a

25  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

26  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

27  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

28  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V.      **Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your complaint and determined that they do not state any claim against the defendants.  Your complaint is being dismissed, but you are being given the chance to fix the problems identified in this screening order.

Although you are not required to do so, you may file an amended complaint within 30 days from the date of this order.  If you choose to file an amended complaint, pay particular attention to the legal standards identified in this order which may apply to your claims.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Sheriff of Shasta County filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  January 7, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/font1688.14.docx